PER CURIAM:
Claimants brought this action for vehicle damage which occurred when a tree limb fell onto their 1985 Dodge D100 while it was parked adjacent to Sand Hill Road near St. Albans, Kanawha County. Sand Hill Road is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 11:00 p.m. on October 5,2006, a stormy evening. Sand Hill Road is a one-lane highway at the area of the incident involved in this claim. Stephen Gould testified that a limb from a tree that was on respondent’s right of way fell and damaged their vehicle. He stated that the tree appeared to be a live tree prior to falling. Claimants’ vehicle sustained damages totaling $2,231.09.
The position of the respondent is that it did not have actual or constructive notice of the condition on Sand Hill Road at the site of the claimant’s accident for the date in question. Chet Burgess, an employee for respondent in Kanawha County, testified that he had no information about the tree that fell onto claimants’ vehicle prior to the incident
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). The general rule of this Court with regard to tree fall claims is that if a tree is dead and poses an apparent risk, then the respondent may be held liable. However, when an apparently healthy tree falls and causes property damage as a result of a storm, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Wiles v. Division of Highways, 22 Ct. Cl. 170 (1998); Gerritsen v. Dept. of Highways, 16 Ct. Cl. 85 (1986).
In the instant case, the Court is of the opinion that respondent had no notice that the tree at issue posed an apparent risk to the public. The evidence adduced at the hearing established that the tree appeared to be a healthy tree. Neither claimants nor respondent had reason to believe that the tree was in danger of falling. Thus, the claimants may not make a recovery for their loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.